LEWIS, Plaintiff in error, V. STATE, Defendant in error.

*No. State 16. Argued January 31, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 527.)

470

For the plaintiff in error there were briefs by *Gerald R. Starr,* attorney, and *Miller and Niebler, S. C.,* of counsel, all of Milwaukee, and oral argument by *Mr. Starr.*

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The defendant claims there were prejudicial procedural errors in the determination of the question of the defendant's mental responsibility. He argues it was error (1) to refuse to grant his motion for directed verdict after the state rested without offering any witnesses on the question, (2) for the trial court to call witnesses to rebut the defendant's witnesses, and (3) the manner in which the trial court examined the court-appointed witnesses.

The state asserts that all of these assignments of error were raised in *State v. Bergenthal* (1970), 47 Wis. 2d 668, 178 N. W. 2d 16, and decided in favor of the state.

The defendant argues primarily that *Bergenthal* was a jury case while this case was tried by the court, and that because the trial judge appointed expert witnesses and called them the two cases must be distinguished. We think not, and agree with the state that *Bergenthal* fully considered the issues and is dispositive of those same issues raised here.

The procedural facts necessary to a discussion of the issues are as follows:

The defendant entered a plea of not guilty by reason of mental disease or defect pursuant to sec. 971.06 (1) (d), Stats., which was not joined with a plea of not guilty. The plea made in this manner admits but for lack of mental capacity the defendant committed all the essential elements of the offense charged.[3]

Because the defendant was indigent the court authorized defendant's counsel to engage the services of two experts, which the defendant did. The state did not ask for the appointment of experts but requested the court appoint experts to examine the defendant and appear on behalf of the court. The court did appoint two psychiatrists on its own behalf as authorized by sec. 971.16, Stats.

As to the question of mental responsibility, the defendant has the burden of proof to establish to a reasonable certainty by the greater weight of the credible evidence that he had a mental disease or defect so as to excuse responsibility for criminal acts.[4]

At the trial on the issue of mental disease or defect the defendant testified himself, called another lay witness, and then offered the testimony of his two experts, Dr. Friedman, a psychologist, and Dr. Hurley, a psychiatrist. They both testified that it was their opinion, to a reasonable degree of professional certainty, that at the time of the offense the defendant lacked substantial capacity to conform his conduct or appreciate the wrongfulness of his acts.[5] The state cross-examined the defendant's witnesses but did not call any witnesses or offer any proof of its own as to the mental condition of the defendant. The defendant then moved for directed

---

[3] *See* sec. 971.06 (1) (d), Stats., footnote 1.

[4] Sec. 971.15 (3), Stats.

[5] Sec. 971.15 (1), Stats.

verdict.[6] The trial court denied the motion and then called its own experts.

This same issue was raised and discussed at length in *Bergenthal* and no useful purpose will be served by a second discussion of the same question. Simply because the trial judge was the fact finder rather than the jury does not make a significant difference. After the court (with statutory authority) [7] has appointed independent experts to help resolve a difficult medical question, it should be able to hear these witnesses in order to assist it in making fair and advised findings. We conclude it was not error to deny the motion for directed verdict.

The defendant claims it was error for the court to call and examine its own appointed witnesses to rebut the testimony of the defendant's witnesses. Again, this issue was raised and resolved contra to the contention of defendant in *Bergenthal* and again we believe the fact that *Bergenthal* was a jury case and this is a court case is an immaterial distinction. Because the statute affords the right of cross-examination to both defendant and the state, fair and orderly procedure almost demands the court call the witnesses in the first instance. The trial court can rightfully inquire into the expert's qualifications, the source and extent of his factual knowledge of the issue at hand, and his opinion as to defendant's mental condition. It was not error for the trial court to call and examine the experts it had appointed.

The defendant also claims the court unfairly acted as counsel for the state when, during its examination of its own witnesses, by a leading or suggestive question,

---

[6] It is doubtful the motion should be designated a motion for directed verdict because in a trial before the court there is no jury and no verdict. It is suggested a motion for findings and judgment consistent with the plea is more appropriate.

[7] Sec. 971.16, Stats.

challenged the adequacy of certain psychological tests in determining the significant mental status. While the court cannot act as partisan, it can ask questions to clarify testimony or help resolve conflicts.

" '. . . a trial court may question a witness called by the parties in order to clarify received testimony, providing the court does not overtly express his view of the matters in issue. While the court cannot function as a partisan, it may take necessary steps to aid in the discovery of truth. . . .' " *State v. Bergenthal, supra,* page 680.

In this case the leading question did not confuse nor suggest an answer to a partisan witness. Nor was there a jury that could put undue emphasis upon the innuendo of the question, if there was such. We find no prejudicial error.

All the issues raised have been heretofore decided in *Bergenthal, supra,* and are dispositive of the claimed errors in this case.

*By the Court.*—Judgment affirmed.